SUCCESSOR OF SCHLÜTER & Co., Plaintiff and Appellee, v. FÉLIX GONZÁLEZ ET AL., Defendants and Appellants.

No. 4419.   Argued May 21, 1928.—Decided May 31, 1928.

*Luis Llorens Torres* for the appellants.   *E. Campos del Toro* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the appellants were, up to a certain extent, diligent in obtaining extensions of time to file the stenographer's notes. They urged the stenographer to make the transcription. On August 4, 1927, an extension of thirty days was granted. From the record and motion as originally filed in this court no other extension was asked until September 30th, when the stenographer, and not the appellants directly, sought and obtained an extension of thirty days. Because of a lack of prosecution and because of a hiatus existing between the third of September and the 30th of that month the appellee moves to dismiss.

In the first hearing the appellants, despite our repeated decisions on the subject, insisted that the delay of the stenographer should not be imputed to them and cited the Acts of 1917 and 1919 to that effect. It is idle to repeat all that we have said. The decisions may be consulted. *Cruz* v. *Luiña,* 33 P.R.R. 967, and cases. This court felt that it was not the intention of the Legislature that an appellant should cross his arms after asking the stenographer to reproduce his notes. The primary duty to ask for extensions falls on the appellant and not on the stenographer. The neglect is literally the neglect of the appellants.

The appellants at the first hearing also maintained that they were never notified of the granting of the extension of August 4th. We know of no duty of any one to notify an appellant of the granting of such an extension and the appellants have indicated to us no rule or statute requiring such a notice. The appellants themselves, under the decisions, are bound to see that the time for filing the stenographer's notes does not lapse.

Even supposing that under section 140 of the Code of Civil Procedure the district court could revive the time of appellants—a right denied by a majority of this court—this power of the court was never invoked. The stenographer asked for the extension and not the appellants. Neither in the court below nor in this court did the appellants try to make out a case of excusable neglect or otherwise.

After the hearing, but somewhat without the time offered, the appellants presented an additional memorandum in which they concede that there is no existing act which requires notices to appellants of extensions of time granted by a court. They now say that this was the practice under the Spanish Civil Procedure Act and this practice was not repealed. We hold otherwise.

In 1904 a Code of Civil Procedure was adopted in Porto Rico. It was taken from Idaho and indirectly from California, with the construction, within reason, put upon it there. It was the universal understanding of the bench and bar at the time that judgments and orders under the different system introduced need not be notified to the parties. There was a fiction of law that an attorney was always present in court and he was bound to apprize himself of the acts thereof. The Legislature has since expressed certain cases in which notices are necessary, but these notices do not apply to extensions. There was a clear recognition by the Legislature of the rule when it made the exceptions. For the appellant it is a case of *expressio unius est exclusio alterius*.

We had previously reached the foregoing conclusions when on the 12th of December, 1927, the appellants filed an additional writing wherein they set forth that on August 31, 1927, they had filed or the stenographer had filed a petition for an extension of time to prepare the stenographic notes. It transpires that no action was ever taken by the district court on this petition. The appellee at a second hearing of this case and in his briefs or memoranda maintained that as

the motion was never acted upon by the court it is entirely null and void and can not aid the appellants. The latter, among other things, maintained that, as the motion for an extension was not acted upon, it remained in the power of the court to extend the period for preparing the notes at any time; and therefore that the subsequent extension granted on the 30th of September was perfectly valid and existent. We rather think it was the duty of the appellants or the stenographer, as the case may be, to follow up the petition for an extension and see that it was specifically granted. The subsequent order of the court was in no wise in response to the motion of extension presented on the 31st day of August, 1927. If the contention is sound, then all that an appellant need do is to file a motion in court and never take any further step. The motion for dismissal should prevail on this ground alone.

However, there is also another ground. Despite the fact that the appeal was taken on the 3rd of June, 1927, the appellants continued to ask for extensions without at any time putting this court in a position to judge why the transcript had not been filed. We think there has been a lack of diligence in filing the transcript in this court, which is an additional ground, under Rule No. 59, for dismissing the appeal.

The appeal will be dismissed.

Chief Justice Del Toro and Justice Hutchison dissented.